[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a self-employed contractor for the manufacture and installation of kitchen cabinets, vanities and formica countertops, entered into a contract with the defendant, Patricia Urbano. The contract provided for the provision and installation of kitchen cabinets including an island as well as the installation of vanities in five bathrooms and a master bathroom. The contract price for the total job was set at $26,350.
The contract in question was signed by the defendant, Patricia Urbano. Her husband, Tony Urbano, was the general contractor on the job and hired the plaintiff to do the kitchen and the bathrooms.
The plaintiff installed the vanities and cabinets in the various bathrooms and also installed cabinets in the kitchen. However, when he installed the island in the kitchen, Mr. Urbano complained that it was not at the correct angle, and after discussion, the plaintiff removed the island. In an attempt to satisfy Mr. Urbano, the plaintiff also made a new island at a cost of some $3,000. He did not install it, however, because at that point he had not been paid the amounts due under the contract. The contract provided that upon delivery of the cabinets the sum of $13,291 should have been paid. What should have been paid CT Page 12537 under the contract was the total of $19,936 at the time that the cabinets were delivered. At that time, however, only $12,000 had been paid and although plaintiff asked for the additional amount due, the defendant failed to pay it giving different excuses, either by herself or through her husband, the general contractor — varying from they were getting a check from the telephone company or they were getting another mortgage, etc.
The plaintiff had constructed the second island, as he had the first, under Mr. Urbano's supervision and agreement as to the size and shape and angle. Neither Mr. Urbano nor Mr. Rizio measured the angle. They used a template instead and both agreed initially on the island made in accordance with the template and subsequently on the island made in accordance with another template and with the defendant's husband's approval.
In fact, there was no complaint about the work of the plaintiff until he installed the island. Thereafter, the only discussion was not about the workmanship or the problems with the island but rather about paying for the work that had been done so that the new island could be installed. According to the defendant's expert, it is the custom in the trade not to proceed with any work where the payments have not been made on time in accordance with the contract. It was this custom which Mr. Rizio was following as well as the provisions of the contract requiring the payment of some $19,936.50 for the kitchen.
Correspondence in the file evidenced in exhibit H indicates that there were attempts by the plaintiff to obtain payment from December, when the first island was installed, through March 19. The March 19th letter indicated that unless there was a payment the plaintiff would have to start suit. Nevertheless, it appears that the complaints came only after suit was started and a counterclaim was filed.
While the court sees that there was some merit in the complaints about workmanship, the fact is that the Urbanos accepted all of the other bathrooms, except the master bathroom which their expert said could be helped and the defects cured by painting. In addition, Mr. Urbano was the general contractor, and he approved the work of the plaintiff until the time for suit or at least until the time when the second island was to be installed and he refused to pay without ever actually saying he was refusing to pay but only that he could not pay then. CT Page 12538
The contract was not completed because the defendant refused to pay the plaintiff the amount due when the cabinets were installed. The plaintiff said that the touch-up work would take care of the problems that the defendant now indicates existed in the work. Since he was not allowed to do the touch-up work, the defendant instead retained another contractor to do what they felt was necessary to meet their requirements.
It appears to the court that Mr. Urbano acted in a duel capacity as husband and agent of the defendant and as general contractor. In his role as the general contractor, he appears to have approved the work of the plaintiff up to the point of the delivery of the first island. At that point he did complain and the plaintiff then agreed to make another island according to Mr. Urbano's specifications. However, when he did that, Mr. Urbano was still not willing or able to pay and the contract was, in effect, breached by the defendant through Mr. Urbano, who appears to have been her agent throughout.
While the contract provisions concerning payments due prior to the installation of the cabinets were not adhered to precisely, payment in the amount of $12,000 had been made when the cabinets were installed. At that point, the defendant owed the difference between $19,936 and $12,000 or $7,936.
The plaintiff did not ask the defendant to pay extra for the second island, which he made according to the defendant's general contractor and husband's specifications. Consequently, the defendant owes the plaintiff $7,936 plus attorney's fees and costs, and the court so finds.
Judgment may enter for the plaintiff for $7,936 plus interest at the legal rate from the date the cabinets were installed to the date of this judgment, plus $3,345 as counsel fees, which the court finds reasonable for the services performed, and $601.95 costs. It is so ordered.
MARGARET C. DRISCOLL STATE TRIAL REFEREE